ANTONIO MEUCCI, Respondent, v. CHARLES RAUDNITZ, Appellant.

*A court may, in its discretion, grant a second order of arrest after a former order has been vacated in the same action.*

The fact that an order of arrest has been vacated, on the ground that the affidavit upon which it was granted failed to establish any fraudulent intent on the part of the defendant, does not prevent the court from granting a second order of arrest in the same action upon further facts, if satisfied that the application for such second order is not vexatious.

Appeal from an order made at Special Term, denying a motion to vacate an order of arrest.

*Rudolph Sampter*, for the appellant.

*Paul Fuller*, for the respondent.

BRADY, J.:

An order of arrest was granted in this action against the defendant by Justice LAWRENCE. The motion to vacate it was duly made and its *vacatur* directed.

The opinion of Mr. Justice BARRETT, before whom the motion to vacate was made, was as follows: "The ground stated in the order is inconsistent with the complaint. But, even if fraud in contracting the debt had been specified, the arrest could not be sustained. Nothing is stated but the purchase and the notice declaring an intention to make an assignment. It is not shown that the defendant was insolvent when he purchased the goods, nor, if he were, that he knew it. There was no representation, no tricks or artifice, no suppression of fact even ; the assignment, if made, may pay one hundred cents on the dollar for aught that appears. It is a bald case, and the motion must be granted, with costs."

Subsequently the plaintiff, having ascertained the existence of other facts which he regards as establishing a fraudulent intent, applied for a second order of arrest upon notice of motion which, though opposed, was granted. A motion was then made to set it aside upon the papers upon which it had been allowed, which was denied, and this appeal is from such denial.

The defendant insists that the second order was improperly granted, on the ground that no person can be twice arrested for the same cause of action. We think that the principle invoked, and so broadly stated, does not present the rule by which a second arrest in the same suit for the same cause of action is to be governed. We think it depends entirely upon the consideration whether the second order is vexatious. There is nothing in the case to show that the application for the second order was of this character. Indeed, the contrary conclusion seems to have been arrived at by the learned justice who issued it. The first order was vacated because the affidavit was not sufficient. But the additional facts presented, though they relate to the same cause of

action, assume a very different legal significance, because they establish what the previous affidavit failed to do—namely : the existence of a fraudulent intent—and entitled the party to an order of arrest. The presentation of additional facts properly invoking the jurisdiction of the court demonstrates not only the propriety of the order itself, as a matter of law, but of the fact of the application for it was not vexatious.

It is true that in the case of the *People* v. *Tweed* (63 N. Y., 205) it was determined that an order of arrest in a second action might be assailed, being vexatious, and that it is not, therefore, strictly in point here. But, nevertheless, we think that the principle in that case justifies the order herein, and more particularly because it was granted upon notice to the defendant, and he was afforded an opportunity therefore to prevent its issuance, which would not have been given him in the first instance if another action had been commenced, because the order would have been granted *ex parte*.

For these reasons we think the order appealed from should be affirmed ; but, as the question is comparatively new, without costs.

BARRETT, J. :

Generally speaking a party should not be permitted to obtain a second order of arrest upon affidavits merely strengthening the original case. Certainly not unless good reasons are given for the omission to embrace all existing facts in the first application. But where fresh facts have been developed the defendant should not have immunity, merely because he was able successfully to meet earlier and perhaps entirely different charges. There may for instance be a successful defence to a charge of fraud in contracting the debt and yet the defendant may subsequently be guilty of a fraudulent disposition of property. There should be no inflexible rule except against vexation. I, therefore, concur with my learned brother, Mr. Justice BRADY.

DAVIS, P. J., concurred.

Order confirmed, without costs.